## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| **PLANTRONICS, INC.,** | |
| *Plaintiff,* | **CIVIL ACTION NO. 06:09cv24** |
| *v.* | **JURY DEMANDED** |
| **ALIPH, INC. and ALIPHCOM, INC.,** | |
| *Defendants.* | |

## ORIGINAL COMPLAINT AND JURY DEMAND

This is an action for patent infringement in which Plaintiff Plantronics, Inc. ("Plantronics") makes the following allegations against Aliph, Inc. and AliphCom, Inc. (collectively, "Defendants"):

### PARTIES

1.      Plaintiff Plantronics is a Delaware corporation with its principal place of business at 345 Encinal Street, Santa Cruz, California 95060.

2.      On information and belief, Defendant Aliph, Inc. ("Aliph") is a Delaware corporation with its principal place of business at 99 Rhode Island Street, Third Floor, San Francisco, California 94103. Service upon Aliph may be made by serving its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3.      On information and belief, Defendant AliphCom, Inc. ("AliphCom") is a California corporation with its principal place of business at 99 Rhode Island Street, Third Floor, San Francisco, California 94103. Service upon AliphCom may be made by

serving its registered agent for service of process, Max Ochoa, 150 Executive Park Blvd, San Francisco, California 9413.

## JURISDICTION AND VENUE

4.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 101 *et seq.*, and is being brought to redress the infringement of United States Patent No. 5,712,453 (the "'453 Patent"), which is owned by Plantronics, a copy of which is attached as Exhibit "A" and incorporated herein by reference.  Accordingly, subject matter jurisdiction over this cause of action is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1338.

5.     On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and/or services provided to individuals in Texas and in this Judicial District.

6.     On information and belief, Defendants have distributed their Jawbone New Fit Earbuds (the "Earbuds"), which infringe one or more claims of the '453 Patent, within this Judicial District, including at least distribution via Verizon Wireless stores located at 2930 Preston Road in Frisco, Texas and 2901 N. Central Expy, Suite 101, Plano, Texas.  Verizon Wireless has regular and established places of business within this Judicial District, and Defendants' actions have induced infringement and/or contributed to infringement of the '453 Patent by Verizon Wireless within this Judicial District. Additionally, on information and belief, Defendants' distribution of their Earbuds

(through Verizon Wireless) has induced and/or contributed to infringement of the '453 Patent by consumers residing within this Judicial District.  Additionally, on information and belief, Aliph will soon package its infringing Earbuds with its New Jawbone Bluetooth headset and distribute and sell the same to its authorized retailers throughout this Judicial District, including at least through Verizon Wireless, AT&T, Best Buy, Alltel Wireless, and Apple stores.  Further, on information and belief, Aliph will soon sell its infringing Earbuds with its New Jawbone Bluetooth headset directly to consumers on its interactive website (*us.jawbone.com*), including consumers throughout this Judicial District.  Aliph's actions will induce and/or contribute to the widespread infringement of the '453 Patent by retailers within this Judicial District and induce and/or contribute to further infringement of the '453 Patent by consumers residing within this Judicial District.  This Court therefore has personal jurisdiction over Defendants, and venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## COUNT 1
## INFRINGEMENT OF U.S. PATENT NO. 5,712,453

7.     Plantronics incorporates and realleges the foregoing paragraphs as if fully set forth at length.

8.     On January 27, 1998, the '453 Patent was duly and legally issued for an invention entitled "Concha Headset Stabilizer."

9.     Plantronics is the owner of all right, title, and interest in and to the inventions set forth in the claims of the '453 Patent.

10.     On information and belief, Defendants have been, and now are, directly infringing and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '453 Patent (including, but not limited to, inducing

infringement and/or contributing to infringement by Verizon Wireless) in the State of Texas, in this Judicial District, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, distributing, and/or importing headset stabilizers (including, but not limited to, the Earbuds) covered by one or more claims of the '453 Patent to the injury of Plantronics. Defendants are thus liable for infringement of the '453 Patent pursuant to 35 U.S.C. § 271.

11.     On information and belief, Defendants received actual notice of Plantronics' '453 Patent through correspondence from Plantronics, and despite this notice, Defendants continued to directly infringe and indirectly infringe by way of inducing infringement and/or contributing to the infringement of the '453 Patent. Defendants have therefore willfully infringed the '453 Patent, making this case exceptional pursuant to 35 U.S.C. §§ 284 and 285.

12.     As a result of the Defendants' infringement of the '453 Patent, Plantronics has suffered monetary damages in an amount not yet determined and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

13.     Unless a preliminary and permanent injunction is issued enjoining these Defendants and their agents, servants, employees, representatives, affiliates, and all others acting in active concert therewith from infringing the '453 Patent, Plantronics will be greatly and irreparably harmed.

## DEMAND FOR TRIAL BY JURY

14.     Plaintiff Plantronics hereby demands a trial by jury.

ORIGINAL COMPLAINT                                                    PAGE 4

## PRAYER FOR RELIEF

WHEREFORE, Plantronics prays that the Court enter:

(1)     A judgment in favor of Plantronics that Defendants have infringed directly, jointly, and/or indirectly by way of inducing and/or contributing to the infringement of the '453 Patent;

(2)     A judgment in favor of Plantronics that Defendants' infringement has been willful;

(3)     A preliminary and permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '453 Patent;

(4)     A judgment and order requiring Defendants to pay Plantronics its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '453 Patent as provided under 35 U.S.C. § 284;

(5)     An award to Plantronics for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct, as provided under 35 U.S.C. § 284;

(6)     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plantronics its reasonable attorneys' fees; and

(7)     Such other and further relief, at law or in equity, to which Plantronics and is justly entitled.

**ORIGINAL COMPLAINT**                                                      **PAGE 5**

Dated:  January 15, 2009    Respectfully submitted,


By: */s/ Neil J. McNabnay*
   Thomas M. Melsheimer
   txm@fr.com
   Texas Bar No. 13922550
   Neil J. McNabnay
   njm@fr.com
   Texas Bar No. 24032992
   Timothy K. Brown
   tkb@fr.com
   Texas Bar No. 2403575
   **FISH & RICHARDSON P.C.**
   1717 Main Street, Suite 5000
   Dallas, TX  75201
   (214) 747-5070 (Telephone)
   (214) 747-2091 (Facsimile)

   Attorneys for Plaintiff
   **PLANTRONICS, INC.**